802 F.2d 975
 Bruce LIPPO, d/b/a "Walden-Woodfield Service Station",
Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, Defendant-Appellee.
 No. 85-2770.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 28, 1986.
Decided Oct. 7, 1986.
Rehearing Denied Nov. 14, 1986.
 
 Michael R. McKenna, Chicago, Ill., for plaintiff-appellant.
 James M. Mulcahy, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant-appellee.
 Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 For approximately nine years plaintiff-appellant Bruce Lippo (Lippo) operated a gasoline service station in Schaumburg, Illinois, as a franchisee of the defendant-appellee Mobil Oil Corporation (Mobil). This case arises from the parties' failure to renew the franchise agreement upon the expiration of its term. From October 1, 1979 through September 30, 1982 the franchise relationship between Lippo and Mobil was governed by a contract, a service station lease, and several other documents executed on March 1, 1979, as well as the Petroleum Marketing Practices Act, Pub.L. No. 95-297, 92 Stat. 322 (1978), codified at 15 U.S.C. Secs. 2801-2841 (PMPA or "the Act") which became effective upon enactment on June 19, 1978. During March 1982, Mobil presented Lippo with proposed franchise documents for a three-year term beginning October 1, 1982. The key element for purposes of this action was the proposed rental amount. Lippo did not execute the proposed documents. On March 26, 1982, Mobil sent Lippo a notice of nonrenewal.
 
 
 2
 Lippo commenced this action alleging that the nonrenewal violated the contract and the PMPA. Summary judgment was granted in favor of Mobil. Lippo has appealed, contending that Mobil's refusal to renew the franchise agreement violated the PMPA. For the reasons set forth below, we see no error in the district court's rulings and therefore affirm.
 
 
 3
 According to the contract and supporting documents, Mobil had the unconditional right not to renew the franchise. However, the PMPA, which must be read into the contract and lease, was enacted to protect petroleum franchisees from overbearing and discriminatory termination practices by franchisors. See, e.g., Brach v. Amoco Oil Co., 677 F.2d 1213, 1220 (7th Cir.1982).